**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**MARSHA L. PAYTON,**

  **Plaintiff,**

**vs.**                                    **Case No. 4:17cv204-MW/CAS**

**JOHN F. KELLY, Secretary,**
**Department of Homeland Security,**
**et al.,**

  **Defendants.**
_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on May 4, 2017, by filing what was deemed to be a complaint, ECF No. 1, and a motion for leave to proceed in forma pauperis, ECF No. 3. Plaintiff's motion was granted, but Plaintiff's complaint, ECF No. 1, was insufficient to proceed. ECF No. 5. Plaintiff was ordered to file an amended complaint or a notice of voluntary dismissal if she conceded that her employment discrimination claim was time barred. *Id.* Additionally, the Order advised Plaintiff that this case could not proceed if Plaintiff already litigated her claim or has cases pending in other federal courts. *Id.*

On May 12, 2017, Plaintiff filed a document which she titled, "Filing of Case Number." ECF No. 6. That document reveals Plaintiff filed case number 15-24573 in the Southern District of Florida and it was dismissed on December 21, 2015. *Id.* That document also reveals that it has been 13 years since the events transpired which Plaintiff seeks to litigate in this case, and that "one court case after another" has failed to recognize that Plaintiff "was innocent and proven innocent of the removal allegation in September 15, 2004." *Id.* at 1-2. That document is far from clear, but indicates Plaintiff was removed from her position with the Customs and Border Protection in 2004, and the investigation following was fraudulent. *Id.* at 2. Plaintiff seeks 13 years of back pay and the restoration of her rights. *Id.*

Plaintiff's amended complaint was filed on June 7, 2017. ECF No. 7. In addition to naming her former employer as a Defendant, Plaintiff also names several other agencies, including the United States Equal Employment Opportunity Commission, as well as the Clerks from the United States District Court for both the Southern and Middle Districts of Florida. *Id.* at 1-3. Plaintiff's amended complaint, however, asserts claims under Title VII of the Civil Rights Act and the Americans with Disabilities

Case No. 4:17cv204-MW/CAS

Act ["A.D.A."].  *Id.* at 3-4.  Plaintiff does not allege employment by any

Defendant other than her employment with Customs Border Protection.

There are no allegations presented which reveal the basis for an

employment discrimination claim against any of the other Defendants.

Furthermore, the amended complaint does not assert a basis for a claim

against any Defendant under the A.D.A.

Moreover, Plaintiff's claim concerning the termination of her

employment in 2004 is time barred.  "Title VII's ninety-day statute of

limitations" expired long ago.  Mesidor v. Waste Mgmt., Inc. of Florida, 606

F. App'x 934, 935 (11th Cir. 2015).  The documents Plaintiff has filed

suggest that she has attempted to reverse her termination for 13 years, but

Plaintiff now states that she is unsure if "an official Notice of Right to Sue

Letter has been issued."  ECF No. 7 at 9.  Without a right to sue letter, the

case cannot go forward; but it also cannot go forward on a claim that is at

least 13 years old.

Plaintiff's amended complaint also does not comply with Federal Rule

of Civil Procedure 8(a).  She does not provide a "short and plain statement

of the claim showing that [she] is entitled to relief."  Her amended complaint

contains rambling assertions of fact, nonsensical narrative, and is based on

Case No. 4:17cv204-MW/CAS

events which are more than ten years old.  There are no factual allegations which present a plausible claim or show how any named Defendant has harmed her.

Furthermore, Plaintiff has already sought to litigate these claims because she filed complaints in the Middle District of Florida and in the Southern District of Florida.  *See* <u>Payton V. Secretary, Department of Homeland Security</u>, No. 617CV812ORL18DCI, 2017 WL 2537253, at *2 (M.D. Fla. June 8, 2017).  A Report and Recommendation was entered on June 8, 2017, by United States Magistrate Judge Daniel C. Irick which noted that this same case was "filed in all three District Courts in Florida" and "is wholly without merit."  *Id.*  She cannot proceed in all three federal courts simultaneously, nor can she re-litigate claims which are clearly time barred and have already been resolved.

Judicial notice is taken that of the fact that Plaintiff, admittedly, has been litigating the issues surrounding her 2004 termination for 13 years. *See* <u>Payton v. Dep't of Homeland Sec.</u>, 502 F. App'x 942, 943 (Fed. Cir. 2013) (dismissing successive appeal "related to her removal from the position of Management Program Specialist with the United States Customs and Border Protection in 2004" on basis of claim preclusion, and

noting she previously filed "eight such petitions for review.").  That court

noted Ms. Payton's first petition was dismissed as untimely in March 2006,

and her next four petitions were denied in November 2008.  <u>Payton</u>, 502 F.

App'x at 943; *see also* <u>Payton v. Dep't of Homeland Sec.</u>, 403 F. App'x

496, 496 (Fed. Cir. 2010) (dismissal appeal which sought review of final

order of the Merit Systems Protection Board which dismissed her appeal

for lack of jurisdiction (citing <u>Payton v. Dep't of Homeland Sec.</u>, 113

M.S.P.R. 463 (2010)).[1]  Following that dismissal, her petition for writ of

certiorari was denied by the United States Supreme Court.  <u>Payton v. Dep't

of Homeland Sec.</u>, 133 S. Ct. 2779, 186 L. Ed. 2d 227 (2013).  In March

31, 2014, another petition for writ of certiorari was denied by the Supreme

Court.  <u>Payton v. Merit Sys. Prot. Bd.</u>, 134 S. Ct. 1783, 188 L. Ed. 2d 590

(2014).  Similarly, two prior petitions for writ of certiorari were denied in

2013.  <u>Payton v. Dep't of Homeland Sec.</u>, 133 S. Ct. 2779, 186 L. Ed. 2d

227 (2013); <u>Payton v. Merit Sys. Prot. Bd.</u>, 134 S. Ct. 389, 187 L. Ed. 2d 65

(2013).  Plaintiff has filed at least ten appeals challenging her removal in

2004 and the failure of the Department of Homeland Security to reinstate

---

[1] After her appeal was dismissed, Plaintiff's petition for a writ of certiorari from the United States Supreme Court was denied.  <u>Payton v. Dep't of Homeland Sec.</u>, 562 U.S. 1157, 131 S. Ct. 956, 957, 178 L. Ed. 2d 789 (2011).

her.  Payton v. Merit Sys. Prot. Bd., 513 F. App'x 963, 965 (Fed. Cir. 2013)

(affirming the dismissal of her appeal for lack of jurisdiction).

    "The doctrine of res judicata bars the filing of claims which were

raised or could have been raised in an earlier proceeding."  Dixon v. Bd. of

Cnty. Com'rs Palm Beach Cnty., Fla., 518 F. Appx. 607, 609 (11th Cir.

2013) (quoted in Ardis v. Anderson, 662 F. App'x 729, 730–31 (11th Cir.

2016)).  "Res judicata bars a claim in a prior case if: '(1) there is a final

judgment on the merits; (2) the decision was rendered by a court of

competent jurisdiction; (3) the parties, or those in privity with them, are

identical in both suits; and (4) the same cause of action is involved in both

cases.'"  Humphrey v. U.S. Dep't of Homeland Sec., No. 16-12494, 2017

WL 782292, at *1 (11th Cir. Mar. 1, 2017) (quoting Ragsdale v.

Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)).  As illustrated

above, Plaintiff initiated numerous prior cases which were decided by

courts of competent jurisdiction, resulting in final judgments on the merits

against her.  Plaintiff's claims have been against the same parties and

"arise out of the same transaction or series of transactions."  In re Justice

Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990).  Her claims are barred

by res judicata.  <u>Humphrey</u>, 2017 WL 782292, at *1.  This case should be dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted and because the claims concerning her 2004 termination are both time barred and barred by the doctrine of res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2017.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.